```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                            :

DONALD LITTLE and TERRENCE JOHNSON,    :
*Individually and on Behalf of All Others Similarly*   :          15 Civ. 7423 (PAE)
*Situated*,                                    :
                                        :          OPINION & ORDER
                           Plaintiffs,    :

                                :

                  -v-                  :

CARLO LIZZA & SONS PAVING, INC., SHIPS POINT :
INDUSTRIES LTD., A&B CONTRACTORS LLC, ELIA :
ALY LIZZA,                                  :
                                      :
                           Defendants.    :

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiffs Donald Little and Terrence Johnson allege here that defendants—three

companies and one individual in the paving business, who allegedly employed plaintiffs as

"flagmen" on public works projects in New York City—failed to pay overtime wages, as

required by federal and state labor law, and to pay prevailing wages,[1] as required by a contract to

which plaintiffs were third-party beneficiaries. Defendants now move to dismiss plaintiffs'

breach-of-contract claim for failure to exhaust administrative remedies and their alternatively

pled quasi-contract claim. Plaintiffs, in turn, move for conditional certification of a Fair Labor

Standards Act ("FLSA") collective action, so as to authorize notice to an opt-in class of flagmen

and other construction employees employed by defendants in the three years preceding the filing

---

[1] Prevailing wages are the wages that prevail in a locality for a day's work in a particular trade or
occupation. *See* N.Y. Lab. Law § 220(3)(a).

of the Complaint.  For the reasons that follow, the Court denies defendants' motion to dismiss

and grants plaintiffs' motion for conditional certification.

I.    **Background**[2]

    A.    **Parties and Facts**

Defendants Carlo Lizza & Sons Paving, Inc. ("Carlo Lizza Paving"), Ships Point

Industries Ltd. ("Ships Point"), and A&B Contractors LLC ("A&B") are New York corporate

entities.  *See* Compl. ¶¶ 12–14.  Defendant Elia Aly Lizza is the CEO of Carlo Lizza Paving and

Ships Point.  *Id.* ¶ 17.

Carlo Lizza Paving and Ships Point are in the asphalt and paving contracting business; in

or around summer 2015, Carlo Lizza Paving transferred its employees and operations to Ships

Point.  *Id.* ¶ 34.  A&B is in the construction contracting business.  *Id.* ¶ 35.  In or around spring

2014, Carlo Lizza Paving subcontracted with A&B to provide safety flagmen for public works

projects on New York City roadways.  *Id.*  A&B and/or Carlo Lizza Paving "entered into

contracts as prime and/or sub-contractors that required Plaintiffs and the Class Members to be

paid prevailing wages for work performed on New York City roadways."[3]  *Id.* ¶ 36.

---

[2] This account is drawn from the Complaint.  Dkt. 1 ("Compl.").  For the purpose of resolving
the motion to dismiss, all factual allegations in the Complaint are presumed true.  *See Koch v.
Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  Similarly, at the conditional certification
stage, the Court may not "resolve factual disputes" or "make credibility determinations."
*Costello v. Kohl's Ill., Inc.*, No. 13 Civ. 1359 (GHW), 2014 WL 4377931, at *7 (S.D.N.Y. Sept.
4, 2014) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007))
(internal quotation marks omitted).  Accordingly, in resolving the motion for conditional
certification as well, the Court assumes all non-conclusory facts alleged by plaintiffs to be true.

[3] The Complaint is unclear about who the parties to these contracts were.  At one point, plaintiffs
allege that the contracts were entered into *either* with public agencies or with prime contractors
(who presumably themselves had contracts with public agencies).  Compl. ¶ 39.  The Complaint
later mentions "contracts entered into between Defendants and government agencies," *id.* ¶ 43,
with no mention of possible prime contractors.

Named plaintiffs Donald Little and Terrence Johnson were or are employees of one or more defendants.[4]  *Id.* ¶ 19.  They worked for defendants as safety flagmen on New York City road projects, *id.* ¶¶ 47, 60, and allege that they were therefore third-party beneficiaries to defendants' public works contracts, entitled to be paid prevailing wages and supplemental benefits pursuant to those contracts, *id.* ¶¶ 41–43.

Specifically, Little's duties "included setting up orange barrels around the areas in which milling work was being performed, steering all traffic through detours, and sweeping the ground to ensure that pedestrians walked on a smooth surface."  *Id.* ¶ 49.  Johnson's duties "included closing off city blocks with barrels, walking alongside machines on city streets to ensure that they moved safely from one side of the street to the other, directing traffic and ensuring safe crossing for pedestrians."  *Id.* ¶ 62.  Plaintiffs further allege that they and other members of the putative class performed tasks including "bolting and connecting beams to form building structures, [and] welding and installing beams to form building floors."  *Id.* ¶ 44.

Plaintiffs allege that they regularly worked more than 40 hours per week, *see id.* ¶¶ 50, 63, but were not paid for work in excess of 40 hours per week, let alone overtime premiums, *see id.* ¶¶ 53, 65.  Plaintiffs further allege they were not paid the prevailing wages and supplemental benefits required for workers of their type on New York City public works projects.  *Id.* ¶¶ 51, 64, 70–72.  Plaintiffs allege that this failure to pay overtime, prevailing wages, and supplemental benefits was pursuant to a corporate policy that applied to other similarly situated employees.  *Id.* ¶¶ 40, 70.  Finally, plaintiffs allege that defendants failed to provide proper wage notices and wage statements.  *Id.* ¶ 73.

---

[4] The Court has no occasion to resolve whether defendants were joint employers of named plaintiffs; this question, while relevant to the merits, is immaterial to the resolution of the instant motion.

B.      **Procedural History**

On September 18, 2015, plaintiffs filed the Complaint.  Dkt. 1.  It brings six causes of action: (1) unpaid overtime under the FLSA; (2) unpaid overtime under the New York Labor Law ("NYLL"); (3) breach of contract for failure to pay prevailing wages and supplemental benefits; (4) unjust enrichment and quantum meruit (pled in the alternative); (5) wage notice violations under the NYLL; and (6) wage statement violations under the NYLL.  *See* Compl. ¶¶ 74–104.

On November 18, 2015, defendants Carlo Lizza Paving, Ships Point, and Lizza moved to dismiss,[5] Dkt. 25, and submitted a memorandum of law, Dkt. 29 ("Def. Br."), and supporting affidavits.  On December 1, 2015, plaintiffs filed an opposition brief.  Dkt. 33 ("Pl. Br.").  On December 3, 2015, defendants filed a reply brief.  Dkt. 35 ("Def. Reply Br.").

On November 30, 2015, plaintiffs moved to conditionally certify an FLSA collective action, Dkt. 30, and submitted a proposed order, *id.*, Ex. 1 ("Proposed Order").  Plaintiffs also submitted a memorandum of law, Dkt. 31 ("Pl. Cond. Cert. Br."), and a declaration of Brent E. Pelton, Dkt. 32 ("Pelton Decl."), and attached exhibits.  On December 15, 2015, defendants Carlo Lizza Paving, Ships Point, and Lizza filed a letter stating that they do not oppose conditional certification or plaintiffs' proposed order.  Dkt. 39.

II.     **Discussion**

The Court first addresses plaintiffs' unopposed motion for conditional certification of an FLSA collective action and then considers defendants' motion to dismiss.

---

[5] On December 23, 2015, A&B appeared in this case for the first time by filing an answer.  Dkt. 41.

### A.    Conditional Certification

Plaintiffs seek conditional certification of an FLSA collective action as to their unpaid overtime claim, with a class defined as "all current and former flagmen and other construction employees who worked for Defendants in New York at any time on or after September 18, 2012" to the date of this order.[6]  Proposed Order ¶ 2.  Plaintiffs also seek approval of their proposed notice and consent forms, and an order directing defendants to provide the names, addresses, phone numbers, and email addresses of all members of the class as defined.  *See id.* ¶ 3.  Defendants do not oppose plaintiffs' motion or their proposed order.  *See* Dkt. 39.

### 1.    Applicable Legal Standards

The FLSA provides that plaintiffs may seek to have their case certified as a collective action on behalf of "themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Courts in this Circuit use a two-stage certification process to determine whether employees are "similarly situated."  *See, e.g.*, *Romero v. KB. Automotive Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012).  At this early stage, the named plaintiffs are required only to make a "modest factual showing" that there are other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC), 2013 WL 5782440, at *2 (S.D.N.Y. Oct. 25, 2013) (collecting cases).  Although this requirement "cannot

---

[6] In their brief, plaintiffs describe the class as having a different end date: from "September 18, 2012 *to the entry of judgment in this case.*"  Pl. Cond. Cert. Br. 1 (emphasis added).  The brief's definition of the class also fails to limit the geographic scope to New York.  *Id.*  The Court treats that description as in error, and treats plaintiffs' request as the one in their Proposed Order.  *Cf. Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 935 n.2 (S.D.N.Y. 2013) (noting that "it is not tenable . . . to proceed with a class period whose end date is not fixed, for a variety of reasons, including that it is wrong to assume that facts and past events giving rise to liability will perpetuate unchanged into the future").

be satisfied simply by 'unsupported assertions,' . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). This low standard is appropriate because conditional certification is merely "a useful 'case management' tool" that "facilitate[s] the sending of notice to potential class members." *Id.* at 555 n.10 (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)). At a later stage, when the Court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* at 555. At that point, "[t]he action may be 'de-certified' if the record reveals that" the opt-in plaintiffs are not sufficiently similarly situated. *Id.*

### 2.     Adequacy of Plaintiffs' Showing

Applying these standards to the proposed class of safety flagmen and other construction employees, the Court finds—albeit with some hesitation—that they are satisfied.

As to safety flagmen, the Court may "fairly infer" that other flagmen were subjected to the same employment practices as the named plaintiffs and therefore suffered the same alleged violations. *See Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014). And plaintiffs' declarations supply sufficient factual basis to conclude that other flagmen were similarly situated. *See* Dkt. 32, Ex. B ("Little Decl."), at ¶¶ 3, 15–16, 24; *id.*, Ex. C ("Johnson Decl."), at ¶ 14.

As to other construction employees, plaintiffs merely state conclusorily that, through observations and discussions with co-workers, they are aware that other construction employees were subjected to the same corporate policy of failing to pay overtime. *See* Little Decl. ¶ 24; Johnson Decl. ¶ 14. Yet most of the individuals with whom plaintiffs had discussions were, by their own account, fellow flagmen. *See id.* Only a handful of other, non-flagperson employees

are identified, and plaintiffs do not recite any specifics about any discussions with those individuals.  These vague and conclusory assertions of similarity generally do not suffice.  *See Guo*, 2014 WL 5314822, at *3 (finding insufficient plaintiffs' declarations that they would discuss wages with their co-workers and were aware of several kitchen workers—named plaintiffs were deliverymen—who did not receive lawful wages); *see also Sanchez v. JMP Ventures, L.L.C*., No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification where plaintiff provided only "generalized allegations" without "*any* detail as to a *single* such observation or conversation").

However, defendants' decision not to oppose the motion for conditional certification, even in part, is persuasive reason to authorize notice as requested, including to non-flagmen. Defendants' acquiescence suggests that—notwithstanding plaintiffs' cursory showing—there is sufficient similarity between the circumstances of flagmen and non-flagmen, at least to justify conditional certification.  *See Caravante-Avile v. Chaya Mushkah Rest. Corp.*, No. 12 Civ. 5339 (KBF), 2013 WL 1401789, at *2 (S.D.N.Y. Apr. 2, 2013) (noting that "while plaintiff's affidavit is relatively sparse, defendants have failed to oppose the motion for conditional class certification," and thereby distinguishing the instant motion from "cases where courts have denied conditional certification in the face of minimalist supporting affidavits"); *Hughes v. Twp. of Franklin*, No. 13 Civ. 3761 (AMD), 2014 WL 1428609, at *4 (D.N.J. Apr. 14, 2014) (granting conditional certification, notwithstanding "deficiencies" in plaintiff's showing, where defendant did not oppose the motion).  Defendants, of course, will be at liberty later in the case to move for de-certification if, after more discovery, it appears that non-flagmen were *not* in fact similarly situated.  In this case, the risks presented by notifying a broader set of potential plaintiffs than might ultimately prove justified are minimal, in contrast to cases in which plaintiffs seek

certification of a dramatically broader collective (*e.g.*, a nationwide class) than the proffered

evidence supports. *See, e.g., Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016

WL 30334, at *5–13 (S.D.N.Y. Jan. 4, 2016).

Accordingly, the Court grants conditional certification as to flagmen and other

construction employees employed by defendants in New York during the three years prior to the

filing of the Complaint.[7]

### 3.    Proposed Notices and Forms

Plaintiffs seek approval of a proposed "Notice of Lawsuit with Opportunity to Join,"

"Consent to Become a Party Plaintiff," and "Deadline Reminder Letter." *See* Pelton Decl., Ex.

D–F. They propose to mail the notice (and presumably also the consent form) to all potential

plaintiffs within 10 days following defendants' disclosure of potential plaintiffs' contact

information. *See* Proposed Order ¶ 4. Plaintiffs propose that all potential plaintiffs shall have 60

days from the date of mailing to opt in by returning an executed consent form to plaintiffs'

counsel. *Id.* ¶ 7. Plaintiffs propose to send the reminder prior to the end of this opt-in period.

*Id.* ¶ 6.

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court

maintains 'broad discretion' over the form and content of the notice." *Chhab v. Darden Rest.,*

*Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 20, 2013) (quoting

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003)). Here,

the proposed notice "appropriately includes the purpose of the notice, the nature of the lawsuit,

---

[7] Under the FLSA, the statute of limitations is three years for willful violations and two years for
non-willful violations. 29 U.S.C. § 255(a). When willfulness is disputed, courts typically apply
the three-year limitations period in defining the scope of a collective action. *See, e.g., Gaspar v.*
*Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *6 (S.D.N.Y. Sept. 15,
2014); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Defendants have not
objected to the use of the three-year period for conditional certification.

the proposed class composition, the legal effect of joining the lawsuit, the fact that the court has

not taken any position regarding the merits of the lawsuit, how to join the lawsuit, the purely

voluntary nature of the decision and the legal effect of not joining the lawsuit, the prohibition

against retaliation, and the relevant contact information for any inquiries." *Jackson v.*

*Bloomberg, L.P.*, 298 F.R.D. 152, 169–70 (S.D.N.Y. 2014) (citing *ABA, The Fair Labor*

*Standards Act*, 19–78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010)).

However, the notice does not "advise potential plaintiffs that they may be required to

provide information, appear for a deposition, or testify if they opt in." *Id.* at 170.  This

information will help potential plaintiffs determine whether they would like to opt in to this

action, and is commonly used in such notices in this District.  *See, e.g.*, *Salomon v. Adderley*

*Indus., Inc.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012); *Martin*, 2016 WL 30334, at *18.  The

Court therefore directs plaintiffs to add a provision to the notice containing such information.

Furthermore, the Court finds that the proposed notice's references to the NYLL and to

plaintiffs' other non-FLSA claims are apt to confuse potential plaintiffs about the nature of this

action.  *Cf. Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *4

(S.D.N.Y. Nov. 25, 2013) (parties agreed not to include language regarding state law claims).

Plaintiffs have not sought Rule 23 class certification for their state-law claims.  Therefore, the

Court directs plaintiffs to edit the notice so that it refers only to plaintiffs' unpaid overtime claim

under the FLSA.

The notice and other forms are otherwise approved.  The proposed method of delivery is

also approved.

### 4.    Other Requests

The Court also grants plaintiffs' unopposed request for production of the names,

addresses, phone numbers, and email addresses of potential opt-in plaintiffs.  *See* Proposed Order

¶ 3. "Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Martin*, 2016 WL 30334, at *19.

Finally, the Court approves plaintiffs' unopposed request (as reflected in the Proposed Order) to direct defendants to post the notice and consent form at defendants' offices and job sites in a location visible to all of defendants' employees. *See* Proposed Order ¶ 5. Courts in this Circuit frequently approve posting in the workplace. *See, e.g.*, *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (collecting cases).

### B.     Motion to Dismiss

The Court next considers defendants' motion to dismiss the third cause of action (breach of contract) and the fourth (unjust enrichment and quantum meruit, pled in the alternative).

### 1.     Legal Standards on a Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For the purpose of resolving the motion to dismiss, the Court must assume all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

10

### 2.      Administrative Exhaustion

Under NYLL § 220(3), laborers on public works contracts in New York must be paid not less than the prevailing wages in their locality for their trade or occupation.  Section 220 provides an administrative remedy for violations of this prevailing-wage requirement:  In broad strokes, workers are to file a complaint with a "fiscal officer,"[8] who then conducts an investigation and holds a hearing; if the worker prevails before the fiscal officer and this determination is either affirmed on review by a New York appellate division or is not so reviewed, the worker may then institute an action for recovery of the difference between the amount paid and the amount that should have been paid.  *See* NYLL § 220(8).

The central dispute between the parties concerns whether this administrative remedy is *exclusive*, as defendants argue, or whether workers alleging failure to pay prevailing wages may (without first utilizing the administrative process) bring a common-law breach-of-contract claim as third-party beneficiaries to a public works contract between their employer and a local government.

When the relevant public works contract expressly incorporates the prevailing-wage requirement of New York law, as such contracts must,[9] it is clear that workers may *either* pursue an administrative remedy *or* sue for breach of contract as third-party beneficiaries.  *See, e.g.*, *Fata v. S. A. Healy Co.*, 289 N.Y. 401, 404–07 (1943) (distinguishing a scenario where the prevailing-wage requirement "existed only by fiat of the Legislature" from one where the

---

[8] The fiscal officer is either the state Commissioner of Labor or a city Comptroller or similar officer.  *See* NYLL § 220(5)(e).

[9] The Second Circuit has recently held that "every public works contract [in New York] *must* provide that all laborers employed by the contract will be paid prevailing wages."  *Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 855 (2d Cir. 2014) (emphasis added) (citing NYLL § 220(3)(a)).

contract itself contained "an agreement to pay wages at rates fixed in accordance with the statute"); *Seidel v. Hoffman Floor Covering Corp.*, No. 09 Civ. 4027 (JS) (WDW), 2012 WL 3064153, at *3 (E.D.N.Y. July 26, 2012) ("[I]n the years since *Fata* was decided, other New York courts have indicated that a breach of contract claim depends on the actual insertion of Section 220's prevailing wage language into the contract.") (citing *Maldonado v. Olympia Mech. Piping & Heating Corp.*, 777 N.Y.S.2d 730, 731 (2d Dep't 2004)); *see also Cox v. NAP Const. Co.*, 10 N.Y.3d 592, 607 (2008) (reaffirming *Fata*).

The cases on which defendants rely do not undermine this authority because they did not involve common-law breach-of-contract claims where plaintiffs adequately pled third-party beneficiary status.  *See Aiola v. Malverne Union Free Sch. Dist.*, No. 15 Civ. 64 (ADS) (GRB), 2015 WL 4276187, at *16 (E.D.N.Y. July 13, 2015); *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 375–76 (S.D.N.Y. 2012); *Brown v. Tomcat Elec. Sec., Inc.*, No. 03 Civ. 5175 (FB), 2007 WL 2461823, at *6  n.4 (E.D.N.Y. Aug. 27, 2007); *High Tech Enters. & Elec. Servs. of N.Y., Inc. v. Expert Elec., Inc.*, 980 N.Y.S.2d 387, 389 (1st Dep't 2014); *Winsch v. Esposito Bldg. Specialty, Inc.*, 852 N.Y.S.2d 199, 200 (2d Dep't 2008); *Marren v. Ludlam*, 790 N.Y.S.2d 146, 148 (2d Dep't 2005); *Cayuga-Onondaga Ctys. Bd. of Co-op. Educ. Servs. v. Sweeney*, 89 N.Y.2d 395, 399 (1996).  Some expressly hold that the administrative procedures of § 220 do *not* apply to breach-of-contract claims.  *See Brown*, 2007 WL 2461823, at *6 n.4 ("The administrative and judicial review provisions of § 220 do not apply to prevailing wage claims sounding in contract.") (citing *Fata*, 289 N.Y. at 407); *Pesantez v. Boyle Envtl. Servs., Inc.*, 673 N.Y.S.2d 659, 661 (1st Dep't 1998) (noting that "plaintiff class can proceed on its common-law breach of contract claims for underpayment of wages and benefits" without administrative determination) (citing *Fata*).

By contrast, as plaintiffs note, there is ample authority holding that an employee may bring a breach-of-contract claim for failure to pay prevailing wages without exhausting the § 220 administrative process. *See, e.g., Almazo v. M.A. Angeliades, Inc.*, No. 11 Civ. 1717 (MGC), 2015 WL 6965116, at *2 (S.D.N.Y. Nov. 10, 2015) ("[A] public works project employee denied proper wages is not limited, however, to statutory remedies. The employee may bring a common law breach of contract claim as the intended third party beneficiary of a public works contract."); *Hapanowicz v. Alexandria Tile Co.*, No. 11 Civ. 127 (ERK), 2014 WL 1311441, at *6 (E.D.N.Y. Mar. 31, 2014) ("The plaintiffs were not required to resort to administrative remedies, however, because the § 220 administrative process is not the exclusive means for an employee denied prevailing wages to obtain relief."); *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011), *vacated in part on other grounds*, 773 F.3d 394 (2d Cir. 2014) ("[A]n administrative claim is not the exclusive avenue for relief available to an employee denied prevailing wages, who may bring a common law breach of contract claim as the intended third-party beneficiary of a public works contract."); *Eldred v. Comforce Corp.*, No. 08 Civ. 1171 (LEK), 2010 WL 812698, at *7 (N.D.N.Y. Mar. 2, 2010) ("[E]mployees are permitted to pursue their claims under the administrative procedures provided therein *or* as third-party beneficiaries to the state funded contracts."); *Stennett v. Moveway Transfer & Storage, Inc.*, 949 N.Y.S.2d 91, 93 (2d Dep't 2012) ("In situations where the Labor Law requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created in favor of the contractor's employees, and an employee covered by or subject to the contract . . . possesses a common-law cause of action . . . .").[10]  Thus,

---

[10] Numerous cases are in accord.  *See, e.g., Barragan-Aquino v. E. Port Excavation & Utilities Contractors, Inc.*, No. 13 Civ. 343 (SJF), 2014 WL 1117269, at *4 (E.D.N.Y. Mar. 18, 2014); *Dong v. Ng*, No. 08 Civ. 917 (JGK) (MHD), 2011 WL 2150544, at *5 (S.D.N.Y. Mar. 8, 2011),

provided that the public works contracts at issue "expressly state that a prevailing wage will be paid," *Ramos*, 740 F.3d at 858, plaintiffs' breach-of-contract claim will not be dismissed on the ground of failure to exhaust administrative remedies.

The contracts themselves are not attached to the Complaint, but plaintiffs allege that they "obligated Defendants to pay Plaintiffs . . . at or above the local prevailing wage rates."  Compl. ¶ 40.  Defendants, who unlike plaintiffs are signatories to the contracts, have not come forward with the contracts—which would have been cognizable as integral to the Complaint, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)—to contradict this allegation. The Court, therefore, must and does accept the allegation as true.

Accordingly, plaintiffs' breach-of-contract claim is not barred by their failure to pursue administrative remedies.

### 3.    Elements of Breach-of-Contract Cause of Action

Defendants also challenge the breach-of-contract claim, as pled, on other grounds.

Under New York law, parties asserting third-party beneficiary rights under a contract must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost."  *Mendel v. Henry Phipps Plaza W., Inc.*, 6 N.Y.3d 783, 786 (2006) (quoting *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 336 (1983)) (internal quotation marks omitted).  These requirements are clearly satisfied here, as plaintiffs allege the existence of a contract between defendant-employers and public agencies

*report and recommendation adopted*, 2011 WL 2150545 (S.D.N.Y. May 31, 2011); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 361 (E.D.N.Y. 2007) (citing *Wright v. Herb Wright Stucco, Inc.*, 50 N.Y.2d 837, 838 (1980)); *Samborski v. Linear Abatement Corp.*, No. 96 Civ. 1405 (DC), 1998 WL 474069, at *3 (S.D.N.Y. Aug. 10, 1998).

that "obligated Defendants to pay Plaintiffs . . . at or above the local prevailing wage rates."

Compl. ¶ 40.

To prevail on such a breach-of-contract claim, plaintiffs must also show "that they are 'laborers, workmen, or mechanics' within the meaning of NYLL section 220." *Ramos*, 740 F.3d at 856.  And they "must show that theirs was 'covered' work—that is, work entitled to prevailing wages under the statute." *Id.*  Defendants contest the pleadings as to these elements. Specifically, plaintiffs allege that they were employed as flagmen, *see* Compl. ¶¶ 47, 60, and should have been paid at the prevailing wage rates of "Paver & Roadbuilder – Laborer," *see id.* ¶ 45 n.1.  Defendants argue, however, that plaintiffs "were not employed as construction workers" or as "flag persons," but as "uniformed crossing guards."  Def. Br. 4.

Defendants, however, have not come forward with any cognizable materials that would undermine plaintiffs' well-pled allegation as to the nature of their jobs.  In deciding a motion to dismiss, the Court may not credit a defendant's denial of factual allegations in the Complaint, unless it is established by a document attached to, incorporated by, or otherwise integral to the Complaint.  *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) ("[W]here a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true.").  The affidavit of John Keeling, project manager for Carlo Lizza Paving, which defendants cite, does not qualify as such a document.

Moreover, the regulatory classification for "Paver & Roadbuilder – Laborer" is broad, so as to appear to encompass the work plaintiffs claim to have performed:

> Paving and road construction work, regardless of material used, including but not
> limited to preparation of job sites, removal of old surfaces, asphalt and/or concrete,
> by whatever method, including but not limited to milling; laying of concrete; laying
> of asphalt for temporary, patchwork, and utility paving (but not production paving);

> site preparation and incidental work before the installation of rubberized materials and similar surfaces; installation and repair of temporary construction fencing; slurry seal coating, maintenance of safety surfaces; play equipment installation, and other related work.

*See* http://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2015-2016.pdf, at 65 (accessed Feb. 2, 2016).[11]  Particularly given the definition's embrace of "other related work" and "preparation of job sites," plaintiffs' claim to have been contractually entitled to the pay rates of workers meeting this classification is plausible.  Notably, plaintiffs allege that their tasks included "bolting and connecting beams to form building structures, [and] welding and installing beams to form building floors."  Compl. ¶ 44.[12]

      For these reasons, plaintiffs have adequately alleged that they belonged to a class of workers and performed a type of work covered by § 220.

      Defendants separately argue that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims because "in the absence of any state court authority . . . , [the] Court should not decide what type of worker is entitled to prevailing wages under New York law."  Def. Reply Br. 6–7.  Defendants cite *Igene v. Miracle Security, Inc.*, No. 12 Civ. 149 (RLM), 2013 WL 5502868 (E.D.N.Y. Oct. 2, 2013), in which the court expressed doubt that it should exercise supplemental jurisdiction where the issue presented was whether "security guards who work on construction sites pursuant to public works contracts are entitled to prevailing wages."  *Id.* at *4.

---

[11] The Court takes judicial notice of this document as a public record.  *See Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2013); *Gale v. Smith & Nephew, Inc.*, 989 F. Supp. 2d 243, 246 n.2 (S.D.N.Y. 2013).

[12] Although not relying on this observation in sustaining plaintiffs' breach-of-contract claims, the Court notes that defendants' assertion that named plaintiffs were not flagmen is in significant tension with their acquiescence to plaintiffs' motion for conditional certification of a class— represented by named plaintiffs—consisting of, *inter alia*, "current and former flagmen."

The Court does not perceive such an obstacle to supplemental jurisdiction here.  First, it is not clear whether the parties dispute that flagmen are entitled to prevailing wages; it appears rather that they dispute whether plaintiffs were flagmen at all.  The latter issue appears more factual than legal—and while resolving it may ultimately implicate issues of state law, they are not likely to be so "novel and complex" as to weigh against supplemental jurisdiction.  *Igene*, 2013 WL 5502868, at \*5.  Second, the Second Circuit decision relied upon in *Igene* referred to "exceptional circumstances" that might justify declining jurisdiction; that case involved "the construction of a significant provision of an extraordinarily consequential legislative scheme to rescue Nassau County from the brink of bankruptcy."  *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 154 (2d Cir. 2013), *as corrected* (Sept. 27, 2013).  The Court doubts that this case presents the sort of "exceptional circumstances" that the Circuit was contemplating.  Finally, there are good reasons, sounding in efficiency, for the Court to retain jurisdiction, alongside the pending FLSA and NYLL claims, of plaintiffs' breach-of-contract claims.  Should the contours of this litigation materially change, defendants will be at liberty again to challenge the exercise of supplemental jurisdiction.

### 4.    Unjust Enrichment and Quantum Meruit

Plaintiffs' fourth cause of action—labeled as being "in the alternative"—is for unjust enrichment and quantum meruit.  Compl. ¶¶ 91–97.  Defendants argue that this quasi-contract claim must be dismissed because a valid and enforceable written contract governs the subject matter of the suit.

As defendants note, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."  *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987).  However, this rule does not require dismissal of quasi-contract claims that are pled in

the alternative to contract-based claims, *i.e.*, that expressly are triggered only if no valid and enforceable contract resolves the dispute.  *See Mitchell v. Faulkner*, 531 F. App'x 136, 137 (2d Cir. 2013) (summary order) ("Such an alternative pleading is permissible under New York law."); *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 9 (2d Cir. 2012) (summary order) ("[N]othing prevented plaintiffs from pleading unjust enrichment in the alternative to breach of contract.") (citing *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996)); *see also Randolph Equities, LLC v. Carbon Capital, Inc.*, No. 05 Civ. 10889 (PAC), 2007 WL 914234, at *6 (S.D.N.Y. Mar. 26, 2007); *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39–40 (S.D.N.Y. 1991).  While plaintiffs have adequately pled, for the purpose of surviving a motion to dismiss, that there was a valid and enforceable contract, this pleading does not estop them from pleading a quasi-contract claim in the alternative.  A contrary holding would breach Federal Rule of Civil Procedure 8(d), which provides:  "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . .  A party may state as many separate claims or defenses as it has, regardless of consistency."

Defendants' observation that "it is undisputed that contracts existed" for the public works projects at issue, Def. Reply Br. 8, is unavailing.  Courts have construed Rule 8(d) to permit a plaintiff to pursue a contract claim and, at the same time, to repudiate the purported contract and seek recovery in quasi-contract.  *See Altaire Pharm., Inc. v. Rose Stone Enters.*, No. 13 Civ. 4373 (JFB), 2013 WL 6235862, at *7 (E.D.N.Y. Dec. 3, 2013) (citing *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992)).  It may turn out that the contracts, the existence of which is undisputed, do not actually *cover* this dispute.  In that circumstance, plaintiffs' alternative pleadings in quasi-contract will prove to have been essential

to recovery. *See Vertex Const. Corp. v. T.F.J. Fitness L.L.C.*, No. 10 Civ. 683 (CBA), 2011 WL 5884209, at *4 (E.D.N.Y. Nov. 23, 2011).

Therefore, the motion to dismiss plaintiffs' quasi-contract claim is denied.[13]

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification of an FLSA collective action is granted and defendants' motion to dismiss the contract and quasi-contract claims is denied.

Plaintiffs are directed to provide an edited proposed notice to the Court by February 9, 2016. The notice must inform potential opt-in plaintiffs that they may be required to provide information, appear for a deposition, or testify, and it must avoid mentioning allegations or claims unrelated to plaintiffs' FLSA overtime claim. Because the Court anticipates approving this proposed notice or a substantially similar one in short order, defendants are directed to provide contact information for potential plaintiffs forthwith. Plaintiffs' proposed forms and mode of notice are otherwise approved.

The Clerk of Court is respectfully directed to close the motions pending at dockets 25 and 30.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 5, 2016
       New York, New York

---

[13] In their opposition brief, plaintiffs cursorily request that the Court award "costs and sanctions." Pl. Br. 10. No basis for this request is provided, and the Court perceives none. It is therefore denied.