

**Ricardo Elias Morales**
DEPUTY COMPTROLLER
GENERAL COUNSEL

CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
JOHN C. LIU

GENERAL COUNSEL'S OFFICE

MUNICIPAL BUILDING
ONE CENTRE STREET, ROOM 614
NEW YORK, N.Y. 10007-2341

TEL: (212) 669-2048
FAX: (212) 815-8774
RMORALE@COMPTROLLER.NYC.GOV

# MEMORANDUM

TO: Agency General Counsels
Agency Chief Contracting Officers
Agency Engineering Audit Officers

FROM: Ricardo Elias Morales
Deputy Comptroller for Legal Affairs/General Counsel

DATE: July 1, 2010

RE: Advisory Notice - Statutory Wage Obligations for Construction-site Security

---

This memorandum provides guidance on the interplay between the prevailing wage obligations of New York State Labor Law §§ 220 and 231 and the City's Living Wage Law (New York City Administrative Code § 6-109). As explained below, public work construction and renovation projects are subject only to the prevailing wage obligations of Labor Law § 220.

Labor Law § 230 and Adm. Code § 6-109 each impose statutory wage obligations on contracts where the principal purpose is building services, e.g., custodial, janitorial and security guard services. Section 220 imposes statutory wage obligations only on contracts where the principal purpose involves the employment of workers, laborers and mechanics on public work, e.g., construction, reconstruction or repair of fixed public structures.

For example, security guards who patrol buildings, check visitor identification or provide other security services on public work construction projects, are not workers, laborers or mechanic within the meaning of Labor Law § 220. Although Labor Law § 231 and Adm. Code § 6-109 extend prevailing wages to security guards, those laws do not apply to security guards employed on public work projects because the principal purpose of such projects is construction, renovation or repair (e.g., renovating a water pollution control plant) and not building service.

Therefore, contracting agencies should not apply Labor Law § 231 or Adm. Code § 6-109 prevailing wage obligations to construction contracts or attach building service or living wage schedules to such contracts. Similarly, contracts for building services should not contain § 220 public work wage schedules.

The Office of the Comptroller will continue to investigate each verified complaint that we receive by analyzing the work actually performed by the complaining worker regardless of the job classification assigned by the employer. For example, workers classified as "Security Guard" by their employer but tasked to perform on-site flagging, traffic control or other functions traditionally assigned to a construction trade, may be reclassified as a "Laborer."

This memorandum supersedes any memoranda or guidelines previously issued by our office on this matter. Please call (212) 669-4443 if you have any questions or concerns regarding this notification.