**U.S. Department of Labor**  Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210



AUG 19 1985

MEMORANDUM NO. 141

TO:         All Government Contracting Agencies of
            the Federal Government and the District
            of Columbia

FROM:       HERBERT J. COHEN
            Deputy Administrator

SUBJECT:    Applicability of the Davis-Bacon Labor
            Standards Provisions to Flaggers

For your information and guidance, I am attaching a copy of a recent opinion letter which announces a correction regarding the coverage of employees who work as flaggers on contracts subject to the Davis-Bacon labor standards provisions.

This change shall be effective for all contracts entered into pursuant to invitations for bids issued or negotiations concluded sixty (60) days from this date.

Attachment

**U.S. Department of Labor**   Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210



AUG 16 1985

Mr. Angelo Fosco
General President
Laborer's International Union of
  North America
905 16th Street, N. W.
Washington, D. C.  20006-1765

Dear Mr. Fosco:

This is in reference to our ruling of January 17, 1985, in which you were advised that we would not change the Department's long-standing position that flaggers who perform traffic safety duties and no manual labor are not laborers or mechanics within the meaning of the Davis-Bacon Act.

You appealed this ruling to the Department's Wage Appeals Board which subsequently remanded this case to the Administrator of the Wage and Hour Division for reconsideration. We have again reviewed our position on flaggers and have reconsidered all of the information and arguments submitted on this issue.

A determination as to whether an employee is a laborer or mechanic for Davis-Bacon purposes largely depends on the nature of the work actually performed by the employee. The terms "laborer" or "mechanic" are defined to include at least those workers whose duties are manual or physical in nature as distinguished from mental or managerial. (See section 5.2(m) of Regulations, 29 CFR Part 5.)

In this regard, it is our understanding that a flagger's duties generally consist of the following:

1. Standing near or on a construction project site manually using a flag and/or a stop sign to control and direct vehicular or pedestrian traffic around the work site. A flagger will typically spend the majority of his/her working time in this activity.

2. Flaggers may also be required to set up barriers, set out traffic warning cones, or tend flashing warning lights.

In carrying out these duties a flagger is engaged in the physical activities of lifting and carrying various objects as well as directing the activities of others through body movements, all of which are manual in nature.

-2-

Further, flaggers typically work on or around heavy or highway construction projects, are part of the construction crew, and their work is integrally related to other construction work on the job, since it would be impossible to satisfactorily complete such projects without their services.

As a result of our reconsideration of the foregoing duties, responsibilities, and activities of flaggers, we have concluded that their duties are clearly manual and physical in nature and, as such, they are laborers or mechanics within the meaning of the Davis-Bacon Act. Accordingly, all employees performing the work of flaggers on Davis-Bacon covered contracts entered into pursuant to invitations for bids issued or negotiations concluded sixty (60) days after our notification to the contracting agencies, will be entitled to the applicable prevailing wage rates for such work.

Sincerely,

Herbert B. Cohen
Deputy Administrator