# *Frequently Asked Questions Regarding*
# *Public Work – Article 8, Section 220, NYS Labor Law*

## I. PUBLIC WORK

### A. What is Public Work?

In determining whether a construction project is public work, two conditions must be fulfilled in order for the provisions of Article 8 to apply to the project:

1. A public entity must be a party to a contract involving the employment of laborers, workers or mechanics; and
2. The contract must concern a public work project.

To be public work, the project's primary objective must be to benefit the public. Ownership (public or private) is also a factor in determining whether a project is public work. Funding of the project is not considered in determining whether the provisions of Article 8 apply.

### B. Who makes the determination whether a project is "Public Work"?

Generally, projects for construction, reconstruction, or maintenance done on behalf of a public agency (entity) are public work. In instances where there is a question regarding whether this condition exists, the Bureau of Public Work will make a determination based on the project details.

### C. Is work performed for IDAs considered "Public Work"?

- IDAs or Industrial Development Authorities are public authorities. Construction performed for the IDA itself is public work and requires the payment of prevailing wage rates.
- Prevailing wage requirements do not apply to private construction projects which are financed by IDAs through the issuance of tax-exempt industrial revenue bonds.

### D. Is HUD financed-housing work "Public Work"?

Generally, prevailing wages are required to be paid on HUD assisted projects. However, there are exceptions to this general rule. Article 8 does not apply on projects assisted by HUD under the U.S. Housing Act of 1937 when the New York State prevailing wage is greater than the prevailing wage established by HUD.

### E. Is "maintenance work" subject to Article 8?

Yes, maintenance work involving the employment of laborers, workers, or mechanics is subject to Article 8. Building service workers, i.e., janitorial services are covered under Article 9 of the New York State Labor Law.

### F. Is "warranty" or "insurance claim" work subject to Article 8?

The fact that there is no charge for work which is being performed pursuant to a warranty or insurance claim does not change the underlying statutory obligation to pay prevailing rates.

### G. If there is a question as to whether a contract is "Public Work," who should a contractor contact?

The Bureau of Public Work will provide advisory opinions upon receipt of a written request.

# Frequently Asked Questions Regarding
# Public Work – Article 8, Section 220, NYS Labor Law

### H. Can a contractor be prohibited from bidding or being awarded a public work project?

The New York State Labor Law prohibits contractors who have been debarred for violations of Article 8 from bidding on or being awarded public work projects for five years. A contractor is debarred when two final determinations have been rendered within any consecutive six-year period that such entity has willfully failed to pay the prevailing rate, or one final determination has been rendered involving the falsification of payroll records or the kickback of wages and/or supplements. (Article 8, Section 220-b, subd. 3b)

### I. Does the Commissioner of Labor enforce the prevailing rate requirements on public work projects in New York City?

The Commissioner of Labor enforces the prevailing wage requirements on all projects let by the state or its political subdivisions with the exception of projects let by the City of New York. For New York City public work projects, the New York City Comptroller is responsible for the enforcement of Article 8. Any complaints or questions on public work projects let by New York City should be addressed to the New York City Comptroller, Municipal Building, Room 530, New York, New York 10007.

## II. PREVAILING WAGES AND SUPPLEMENTS

### A. How often are prevailing rates determined and when do they take effect?

The prevailing rate of wages and supplements are determined annually on July 1 of each year and are effective through June 30, i.e. July 1, 2001 – June 30, 2002. (Article 8, Section 220, subd. 5a) When you review a schedule for a particular occupation, your attention should be directed to the dates above the column rates. These are the dates that additional adjustments become effective.

Any error corrections or updates in the annual determination will be posted to the Department's website on the first business day of each month. Contractors are responsible for paying these updated rates retroactive to July 1st.

### B. Is the contractor held responsible to pay the newly determined rates even if the new rates are not included in the wage schedule?

Yes

### C. How are prevailing rates determined?

Prevailing rates in a locality are determined by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector, provided that said employers employ at least 30% of workers in the same trade or occupation in the locality where the work is being performed. (Section 220, subd 5a)

### D. What is the locality to which specific wage rates apply?

"Locality" means such areas of the state described and defined for a trade or occupation in the current collective bargaining agreements between bona fide labor organizations and employers of the private sector. (Section 220, subd. 5d)

## *Frequently Asked Questions Regarding*
## *Public Work – Article 8, Section 220, NYS Labor Law*

***E. How does DOL determine which union or unions is the appropriate labor organization for determining prevailing rates? What if there is more than one collective bargaining agreement in a given locality?***

>The Department of Labor utilizes the collectively bargained agreements that were used in the previous year's annual determination of prevailing rates, unless competent evidence is provided that the negotiated agreement does not cover 30% of workers in the same trade or occupation. Also see Section III - Classification of Workers.

***F. What happens if a union does not report new rate information to DOL by May31?***

>The prevailing rate from the previous year's annual determination will be included in the new annual determination of prevailing rates.

***G. May prevailing rate determinations be contested?***

>An employer may contest a determination by the fiscal officer. The employer must allege and prove by competent evidence that the actual percentage of workers, laborers, or mechanics covered by a collective bargaining agreement in the locality is below the required thirty per centum.

***H. Are prime contractors required to provide subcontractors with prevailing wage schedules?***

>Yes. It is a violation for any contractor or its subcontractor to fail to provide to its subcontractor a copy of the schedule of wages and supplements specified in the contract as well as any annually determined rate issued subsequent to the schedule specified in the contract. (Section 220-a,
>subd. 1)

***I. Are contractors required to file Labor Affidavits?***

>Before final payment is made by a public agency for any amounts due on a public work contract, the public agency shall require the contractor or subcontractor to file a statement in writing certifying to the amounts then due and owing from such contractor to or on behalf of any worker employed on the public work contract. (Article 8, Section 220-a)

***J. What are the posting requirements for prevailing rates?***

>"The contractor and every subcontractor on public work contracts shall post in a prominent and accessible place on the site of the work a legible statement of all wage rates and supplements as specified in the contract to be paid or provided ..." (Section 220, subd. 3-a)

>Section 220, subd. 3-a of Article 8 also requires contractors and subcontractors to *post a notice* at the beginning of the performance of every public work contract *on each job site* that includes the telephone number and address for the Department of Labor and a statement informing laborers, workers or mechanics of their right to contact the Department of Labor if he/she is not receiving the proper prevailing rate of wages and/or supplements for his/her particular job classification. The required notification will be provided with each wage schedule, may be downloaded from our website *www.labor.state.ny.us*

*Frequently Asked Questions Regarding*
*Public Work – Article 8, Section 220, NYS Labor Law*

## III. CLASSIFICATION OF WORKERS

### A. How does DOL determine whether the "building" rate or the "heavy/highway" rate should be used for particular work?

Prevailing rates are based on collectively bargained agreements. The Department utilizes those agreements to determine the rate that covers the type of work activity in question.

### B. How does DOL determine which rate applies to a particular task?
The Bureau of Public Work looks at all factors, including:

- Nature of the work
- Collective bargaining agreements
- Jurisdictional agreements
- Jurisdictional decisions
- Historical practice
- Past DOL recognition
- Case law precedents

What happens when two different trade unions claim the same work (jurisdictional dispute)?
The Department again would look at all the above listed factors when two different trade unions claim the same work.

### C. May contractors request an opinion from the Bureau of Public Work when there is a classification question as to which trade and rate to use prior to bid?

Yes. Requests should be in writing and include sufficient information regarding the work in question. All requests should be forwarded to the Public Work office nearest where the project takes

### D. If an employee is working in more than one classification of work during the same day or during the same week, how should a contractor report this on his payroll records?

The contractor and every subcontractor shall keep original payrolls or transcripts thereof showing the hours and days worked by each worker, the occupation at which he/she worked, the hourly wage paid and the supplements paid or provided. [Section 220, subd. 3-a (a)]

## IV. HOURS OF WORK

### A. What are the normal hours of work allowed on a public work project?

No laborer, worker or mechanic in the employ of a contractor or subcontractor engaged in the performance of any public work project shall be permitted to work more than eight hours in any day or more than five days in any week, except in cases of extraordinary emergency. The contractor **and** the Department of Jurisdiction (Contracting Agency) may apply to the Bureau of Public Work for a dispensation permitting workers to work additional hours or days per week on a particular public work project.

## *Frequently Asked Questions Regarding*
## *Public Work – Article 8, Section 220, NYS Labor Law*

### B. When is payment for overtime required on New York State public work?

At a minimum, all work performed on a public work project in excess of eight hours in any one day or more than five days in any workweek is overtime. However, the specific overtime requirements for each trade or occupation on a public work project may differ. The specific overtime requirements for each trade or occupation are contained in the prevailing rate schedules issued for public work projects.

### C. May workers for a contractor work four 10-hour days without being paid overtime?

Generally, all work in excess of eight hours in a day is overtime. (Article 8, Section 220, subd. 2).

There are very few exceptions to this rule. Complete information regarding these exceptions is available on the 4 Day / 10 Hour Work Schedule page

### D. Are "coffee breaks" considered time worked?

Rest periods of 20 consecutive minutes or less are considered as time worked upon a public work project. Rest periods include coffee breaks and time for snacks, but do not include bona fide meal periods.

### E. Does the New York State prevailing wage law require payment for "show up time"?

When an employee reports directly to the public work project and is informed that his/her services are not needed, no payment is required. If they are required to wait, they must receive the prevailing rate for the time spent at the job site.

### F. If a worker receives different hourly rates during the course of a day because he is performing different tasks, what overtime rate is paid when overtime pay is required?

The prevailing rate for the occupation the employee is working on at the time the overtime hours are worked.

## V. RECORD KEEPING REQUIREMENTS

### A. What payroll records are required to be maintained by contractors?

The contractor and every subcontractor shall keep original payrolls or transcripts thereof showing the hours and days worked by each worker, the occupation at which he/she worked, the hourly wages paid and the supplements paid or provided. [Section 220, subd. 3-a (a)] This includes all books and records pertaining to the rate of wages paid and supplements provided.

### B. What is a "certified payroll"?

Certified payrolls are original payrolls or transcripts thereof, subscribed and affirmed as true under the penalty of perjury.

# *Frequently Asked Questions Regarding*
# *Public Work – Article 8, Section 220, NYS Labor Law*

### C. Are contractors and subcontractors required to submit payroll records to the public owner?

"Every contractor, and subcontractor, shall submit to the department of jurisdiction within thirty days after issuance of its first payroll, and every thirty days thereafter, a transcript of the original payroll records, as provided by this Article, subscribed and affirmed as true..." (Section 220, subd 3-a)

### D. How long are certified payroll records required to be kept by the contractor?

The original payrolls or transcripts are required to be preserved for three years from the date of completion of the work on the awarded contract. (Section 220, subd. 3-a)

## VI. PAYMENT OF WAGES AND SUPPLEMENTS

### A. Are foremen or supervisors required to be paid prevailing wages when they are "working with the tools" or when they are strictly supervising the work?

Supervisors and/or foremen working with the tools must be paid at the prevailing rate for the classification of work being performed. When strictly overseeing workers, supervisors or foremen are not covered under Article 8 prevailing rate requirements.

### B. Are owners of the business required to be paid the prevailing wage rate when they "work with the tools" on a job site?

- sole proprietor/owner-operators?
- partnerships?
- corporations?

Determining the status employer/employee of each of the above is dependent upon the factual situation presented. A decision could be predicated upon one or a combination of factors. You should contact the Bureau of Public Work if you have any questions regarding these areas.

### C. Are independent contractors excluded from coverage under Article 8?

Legitimate independent contractors are excluded from coverage under Article 8. The Labor Law does not define an independent contractor; however, court decisions have held that the common law tests of "master and servant" are to be applied in making a determination. Under common law tests, all factors concerning the relationship between the two parties will be taken into consideration when making a determination whether someone is an employee or an independent contractor. Possession of liability insurance or the title "DBA" does not in and of itself make a person an independent contractor.

### D. Are "off-site" manufacturing or fabrication operations subject to the prevailing wage law?

The prevailing wage and supplements requirements of Section 220 of the Labor Law are not applicable to work on materials used in connection with a public work project, where such work is not performed at or about the site of the project, and is not customarily and

*Frequently Asked Questions Regarding*
*Public Work – Article 8, Section 220, NYS Labor Law*

normally performed at such site. Where a supply yard, facility or "borrow pit" is set up for a specific public work project, the construction of and all work at or in connection with the supply yard facility or borrow pit is subject to Section 220.

### E. Are drivers hauling asphalt and/or concrete to and from portable batch plants required to be paid prevailing rates?

Individuals who are employed as drivers hauling asphalt and/or concrete to and from portable batch plants established for the sole purpose of supplying public work projects are required to be paid prevailing rates.

### F. Are drivers hauling asphalt and/or concrete from existing commercial plants subject to the payment of prevailing rates?

When, based upon the circumstances in a locality, the Bureau of Public Work determines that asphalt and concrete batch plants are as a matter of course not built to supply public work projects, investigators shall enforce the requirement that employers pay prevailing wages and supplements to drivers hauling concrete and asphalt to and from a public work project when such materials have originated in plants not more than 50 miles from such project.

As of March 1, 2002, the ONLY area in which the Bureau has established that drivers hauling asphalt and/or concrete from commercial plants to or from a public work project will be covered by a prevailing rate is Nassau and Suffolk counties on Long Island.

### G. Are drivers delivering materials (other than asphalt and/or concrete) to a public work site subject to payment of prevailing wages?

Where materials or supplies other than asphalt and/or concrete are delivered to a public work site and dropped or stockpiled, the hauling, dropping and/or stockpiling of such materials is not subject to prevailing wage requirements.

### H. Are drivers who haul away construction debris from the job site subject to the payment of prevailing rates?

Prevailing rates are only required for the time spent on the construction "site" unless the debris is taken to a dedicated site. In the latter instance, prevailing rates are required for all time worked.

### I. What about the use of apprentices?

No employee shall be deemed to be an apprentice unless the employee is individually registered in an apprenticeship program that is duly registered with the Commissioner of Labor. (Section 220, subd 3).

### J. How are apprentice ratios determined?

Apprentice ratios are determined by occupation and are outlined in the Apprenticeship Training Program established by the New York State Department of Labor and the Apprentice Program sponsor.

## *Frequently Asked Questions Regarding*
## *Public Work – Article 8, Section 220, NYS Labor Law*

### *K. Can trainees or helpers or pre-apprentices be used on a public work project?*

They can only be used if they are paid at the journeyworker rate. Only registered apprentices can be paid less than the journeyworker rates.

### *L. How may prevailing wage supplements be provided to workers?*

- cash payment in lieu of supplements
- through irrevocable contributions to a fund, plan or program
- any combination of the above.

### *M. How is the hourly cash equivalent of supplements determined?*

To determine the hourly cash equivalent of supplements provided to or on behalf of workers, the Department will:

1. Divide the actual contribution or cost for providing such supplement by the total annual hours worked by the employee on both public and private work.

2. Where proof of the total annual hours worked by the employee on both public and private work is not provided, divide the actual annual contribution or cost for providing such supplement by 2080 hours (8 hours per day x 5 days per week x 52 weeks).

3. Where proof of the total annual hours worked by the employee on both public and private work is not provided AND proof is provided that the employee worked only seven hours per day, divide the actual annual contribution or cost for providing such supplements by 1820 hours (7 hours per day x 5 days per week x 52 weeks).

## VII. COMPLAINTS, INVESTIGATIONS, HEARINGS, STIPULATIONS, APPEALS AND PENALTIES

### A. *Who may file a prevailing wage complaint? Are complaints kept confidential?*

Any person interested or any employee organization or the Commissioner of Labor on his or her own initiative may cause a compliance investigation to be made to determine whether the contractor or a subcontractor has paid the prevailing rate of wages and supplements. During an investigation, all efforts are made to keep the name of the complainant confidential.

### B. *How is a complaint filed and with whom?*

Complaints are filed in writing and should be submitted to the Bureau of Public Work.

### C. *How is a prevailing wage investigation commenced? What records will DOL request from a contractor?*

Subsequent to its receipt of a complaint or on its own initiative, the Bureau of Public Work

## Frequently Asked Questions Regarding
## Public Work – Article 8, Section 220, NYS Labor Law

will request certified payroll records, daily time records, proof of payment of wages, i.e., cancelled checks and proof of the payment and/or providing of supplemental benefits.

### D. When will an audit normally be commenced?

Upon receipt of all requested information from the contractor.

### E. What is a Stipulation?

A stipulation is used when a contractor who has underpaid prevailing rates agrees with the Department's findings and waives its right to a hearing on the issues.

### F. In what circumstances would an administrative hearing be held?

An administrative hearing is held when a contractor disagrees with the Department's findings.

### G. Once the Commissioner issues a final Order and Determination, what is the process for appealing this determination?

Any aggrieved party may file an appeal pursuant to Article 78 of the Civil Practice Law within 30 days from the date said determination was filed. Said proceeding shall be commenced directly in the State Appellate Division of the Supreme Court.

### H. What is a "willful" violation and how is willfulness determined?

For purposes of paragraph 6 of subdivision 3 of Section 220-b of the Labor Law which pertains to the debarment of contractors from performing public work, a contractor has willfully violated Article 8 if it knows or should have known that it failed to pay the prevailing rates of wages and supplements. There are several circumstances that could constitute willful behavior:

The following is a partial listing:

1. If a contractor had actual knowledge he/she was violating the law

2. Experience of contractor - if there is credible evidence that a contractor "should have known" that it was violating Article 8, i.e., receipt of the prevailing rate schedule

3. History of prior public work prevailing rate violations

4. Gravity and nature of the violation

5. Notification by DOL that it views the contractor's act a violation and   the contractor fails to take corrective action

### I. What penalties may be assessed against a contractor for underpayment of prevailing wages?

Interest of up to 16% from the date of underpayments to the date of restitution and a

## Frequently Asked Questions Regarding
## Public Work – Article 8, Section 220, NYS Labor Law

penalty up to 25% of the wages, supplements and interest due.

### J. What is the liability of a prime contractor for a subcontractor's underpayment?

When evidence indicates a non-compliance or evasion on the part of a subcontractor, the prime contractor is responsible for such non-compliance or evasion. (Section 223).