## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

**THIS SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE** ("Agreement") is entered into by and between **Donald Little** ("Little") and **Terrence Johnson** ("Johnson" and, together with Little, the "Named Plaintiffs"), individually, and **Carlo Lizza & Sons Paving, Inc.** ("Carlo Lizza"), **Ships Point Industries Ltd.** ("Ships Point"), **A&B Contractors LLC** ("A&B" and, together with Carlo Lizza and Ships Point, the "Corporate Defendants"), and their respective subsidiaries, affiliated and parent companies, predecessors, successors and assigns, as well as their past or present officers, directors, agents, representatives, insurers, employer organizations and employees, **Elia Aly Lizza** ("E. Lizza"), **Aly N. Lizza** ("A. Lizza" and, collectively with E. Lizza and the Corporate Defendants, the "Defendants"), and their respective heirs, administrators, representatives, successors and assigns, individually. Plaintiffs and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, the Named Plaintiffs commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 15-cv-7423 (the "Action"), alleging violations of the New York State Labor Law, the Fair Labor Standards Act and the New York common law;

**WHEREAS**, seventeen (17) individuals subsequently exercised their right to join the Action by filing a Consent to Become a Party Plaintiff form with the Court, fourteen (14) of whom remain as plaintiffs in the Action as of the date of this Agreement (the "Opt-in Plaintiffs" and, together with the Named Plaintiffs, the "Plaintiffs");

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiffs;

**WHEREAS**, the Parties elected to resolve this matter by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

    (a) In consideration for Plaintiffs' release of claims as provided in paragraph 2, Defendants, jointly and severally, agree to pay to Plaintiffs the total settlement amount of Two Hundred Thousand Dollars ($200,000.00) (the "Settlement Amount"), consisting of One Hundred and Thirty Thousand Eight Hundred and Fifty-Eight Dollars and Fifty-Nine Cents ($130,868.59) and Sixty-Nine Thousand One Hundred and Thirty-One Dollars and Forty-One Cents ($69,131.41) (including $3,697.21 expense reimbursement and $65,434.20 in reasonable attorneys' fees). All checks will be delivered to Plaintiffs' Counsel at their office, Pelton Graham LLC, Attn: Brent E. Pelton, Esq., 111 Broadway, Suite 1503, New York, New York 10006, within fourteen (14) days following the Court's approval of the terms of the settlement, pursuant to the annexed Schedule A.

1

(b) The foregoing total amount to Plaintiffs shall be divided into two (2) checks as follows: 50% of the amount to Plaintiffs shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiffs for this amount. The remaining 50% of the amount to Plaintiffs shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to Plaintiffs for this amount. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated for attorneys' fees and costs ($69,131.41). The foregoing checks shall be delivered to Plaintiffs' counsel as set forth in paragraph 1(a).

(c) Concurrently with the execution of this Agreement, E. Lizza, A. Lizza and Carlo Lizza shall execute Affidavits of Confession of Judgment in the forms attached hereto has Exhibit A. In the event Defendants fail to pay the Settlement Amount when due as set forth in paragraph (1)(a) above, Plaintiffs' counsel shall send a notice of default to Defendants' attorneys, Richard B. Ziskin, Esq., by U.S. Mail to The Ziskin Law Firm, LLC, 6268 Jericho Turnpike, Suite 12A, Commack, NY 11725 and e-mail to richard@ziskinlawfirm.com and Gerald V. Dandeneau, Esq., by U.S. mail to Dandeneau & Lott, 425 Broad Hollow Road, Suite 418, Melville, NY 11747 and e-mail to gvdand@danlottlaw.com. Defendants shall have thirty (30) days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the opportunity to cure period, Plaintiffs shall be entitled to file the Affidavits of Confession of Judgment, and to enter in the amount of 150% of the Settlement Amount. Plaintiffs shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Amount.

2. **<u>Wage and Hour Release</u>.**

(a)     In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Amount, the Named Plaintiffs, with the intention of binding themselves, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharge Defendants from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing overtime pay, prevailing wages, wage payments, failure to provide wage statements and/or wage notices, or otherwise arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Action or which could have been alleged in the Action including common-law breach of contract for failing to pay legally-required prevailing wages ("Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.

(b) In order to receive the settlement payments described in paragraph 1(a), the Opt-in Plaintiffs must execute and deliver to counsel for Defendants a Wage and Hour Release, attached hereto as Exhibit B.

(c) However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

(d) This Agreement and the release and discharge contained in this paragraph 2 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

3. **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties, and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

4. **Voluntary Dismissal with Prejudice.**

(a) The Named Plaintiffs hereby authorize and direct their attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this action in the form annexed hereto as Exhibit C. Such Stipulation shall be filed by counsel for Plaintiffs immediately after court approval of this settlement.

(b) Plaintiffs hereby authorize and direct his attorneys to dismiss the action with prejudice.

5. **Non-Admission.**

This Agreement shall not be construed as an admission by either Party of any wrongdoing or liability of whatever nature. Defendants do not admit to liability or to the suitability of the current action for class or collective litigation, both of which are expressly denied.

6. **Applicable Law.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

### 7. Mutual Non-Disparagement

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of any of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

### 8. Applicable Law and Continuing Jurisdiction

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of Judge Paul A. Engelmayer for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

### 9. Severability.

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

### 10. No Other Representations or Agreements.

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

### 11. No Modification Except in Writing.

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

### 12. Execution in Counterpart.

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

13. **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_[signature]_
Donald Little

Dated: ~~May~~ June 11, 2018

_____
Terrence Johnson

Dated: May \_\_\_\_, 2018

_____
CARLO LIZZA & SONS PAVING, INC.
By: _____
Dated: _____

_____
SHIPS POINT INDUSTRIES LTD.
By: _____
Dated: _____

_____
A&B CONTRACTORS LLC
By: _____
Dated: _____

_____
Elia Aly Lizza, Individually

Dated: May \_\_\_\_, 2018

_____

Dated: May \_\_\_\_, 2018

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**13. BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____  Dated: May ____, 2018
Donald Little

_____  Dated: ~~May~~ June 4, 2018
Terrence Johnson

_____
CARLO LIZZA & SONS PAVING, INC.
By: ELIA ALY LIZZA
Dated: 06-15-2018

_____
SHIPS POINT INDUSTRIES LTD.
By: ALY N. LIZZA, JR
Dated: 06-15-2018

_____
A&B CONTRACTORS LLC
By: _____
Dated: _____

_____  Dated: May 15, 2018
Elia Aly Lizza, Individually

_____  Dated: May 15, 2018

5

Aly N. Lizza, Individually

## SCHEDULE A

| Donald Little | $25,022.07 |
|---|---|
| Terrence Johnson | $14,788.15 |
| Joseph Thompson | $11,320.13 |
| Anthony Miranda | $13,675.77 |
| Rodney Brye | $7,197.77 |
| Vladimir Silfa | $732.86 |
| Alexander Townsend | $15,311.63 |
| David Carmichael | $18,321.60 |
| Adam Galasso | $3,402.58 |
| Paul Popolizio | $7,197.77 |
| Elvis Cortes | $3,023.06 |
| Paolo Constantino | $588.91 |
| Jonathan Oliver | $3,009.98 |
| David Diaz | $2,748.24 |
| Jovanny Castillo | $3,533.45 |
| Scott DeSantolo | $994.60 |

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD LITTLE and TERRENCE JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>- against -<br><br>CARLO LIZZA & SONS PAVING, INC., SHIPS POINT INDUSTRIES LTD., A&B CONTRACTORS LLC and ELIA ALY LIZZA, Jointly and Severally,<br><br>Defendants. | 15 Civ. 7423 (PAE)<br><br>AFFIDAVIT OF CONFESSION OF JUDGMENT |

Deponents Elia Aly Lizza and Aly N. Lizza, personally and as officers of Defendant Carlo Lizza & Sons Paving, Inc., being duly sworn, depose and state as follows:

   1. This Confession of Judgment is for debt justly due to the Plaintiffs arising out of the settlement of their claims against Deponents in an action entitled *Donald Little and Terrence Johnson, Individually and on Behalf of All Other Similarly Situated v. Carlo Lizza & Sons Paving, Inc., Ships Point Industries Ltd., A&B Contractors LLC and Elia Aly Lizza, Jointly and Severally*, Civil Action No. 15-cv-7423, filed in the United States District Court for the Southern District of New York.

   2. This Affidavit is made as security for the Debt set forth above and will be held in escrow pending payment of the Debt.

3. Deponents, jointly and severally, hereby confess judgment in favor of Plaintiffs and authorize entry thereof in the sum of Three Hundred Thousand Dollars ($300,000.00) (150% of the total settlement amount owed by Defendants per the settlement agreement in this matter), less any monies paid by Defendants pursuant to the Settlement Agreement (the "Amount").

4. The clerk of the court is directed to enter judgment against Deponents upon the submission to the clerk of the court of:

   a) an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, and,

   b) an affidavit stating the balance then due and owing at the time of default.

5. Deponents' counsel is entitled to notice of entry of the Affidavit of Confession of Judgment to be sent to Richard B. Ziskin, Esq., by U.S. Mail to The Ziskin Law Firm, LLC, 6268 Jericho Turnpike, Suite 12A, Commack, NY 11725 and e-mail to richard@ziskinlawfirm.com.

6. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

7. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

8. This confession of judgment is not based on a consumer credit transaction.

_____
Defendant Carlo Lizza & Sons Paving, Inc.
By: Elia Aly Lizza

Sworn to before me this
15th day of June, 2018.

_____
Notary Public

RICHARD L. HUTCHINSON
Notary Public, State of New York
No. 02HU4976741
Qualified in Nassau County
Commission Expires 4/8, 20 19

_____
Elia Aly Lizza

Sworn to before me this
15th day of June, 2018.

_____
Notary Public

RICHARD L. HUTCHINSON
Notary Public, State of New York
No. 02HU4976741
Qualified in Nassau County
Commission Expires 4/8, 20 19

_____
Aly N. Lizza

Sworn to before me this
15th day of June, 2018.

_____
Notary Public

RICHARD L. HUTCHINSON
Notary Public, State of New York
No. 02HU4976741
Qualified in Nassau County
Commission Expires 4/8, 20 19

# Exhibit B

## **WAGE AND HOUR RELEASE**

_____, as "RELEASOR" for and in consideration of the sum of $_____, received from Carlo Lizza & Sons Paving, Inc., Ships Point Industries Ltd., A&B Contractors LLC, Elia Aly Lizza and Aly N. Lizza, RELEASEES, receipt whereof is hereby acknowledged, with the intention of binding himself, his heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby releases, waives and forever discharges the RELEASEES from, and hereby acknowledges full accord and satisfaction of, any and all past and present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing overtime pay, wage payments, prevailing wages, failure to provide wage statements and/or wage notices, or otherwise arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Action or which could have been alleged in the Action ("Released Claims"). The Released Claims include, without limitation, claims under the FLSA, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, all other statutes and regulations related to the foregoing, and all claims that were made or could have been made in this case.

By: _____

Dated: _____

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD LITTLE and TERRENCE JOHNSON, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br><br>CARLO LIZZA & SONS PAVING, INC., SHIPS POINT INDUSTRIES LTD., A&B CONTRACTORS LLC and ELIA ALY LIZZA, Jointly and Severally,<br><br>　　　　　　　　　　Defendants. | 15 Civ. 7423 (PAE) |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

**PELTON GRAHAM LLC**　　　　　　　　　　**THE ZISKIN LAW FIRM, LLP**

1

2

| | |
|---|---|
| By: _____<br>Brent E. Pelton, Esq.<br>Taylor B. Graham, Esq.<br>111 Broadway, Suite 1503<br>New York, New York 10006<br>Tel.: (212) 385-9700<br><br>*Attorneys for Plaintiffs* | By: _____<br>Richard B. Ziskin, Esq.<br>6268 Jericho Turnpike, Suite 12A<br>Commack, NY 11725<br>Tel.: (631) 462-1417<br><br>*Attorney for Defendants Carlo Lizza & Sons Paving, Ships Point Industries Ltd. and Elia Aly Lizza* |

**LAW OFFICES OF GERALD V. DANDENEAU, P.C.**

By: _____
Gerald V. Dandeneau, Esq.
425 Broad Hollow Road, Suite 418
Melville, New York 11747
Tel.: (516) 454-0606

*Attorneys for Defendant A&B Contractors LLC*

**SO ORDERED**

**DATED this __day of _____, 2018**

_____
**HONORABLE PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**